**In re REGULATION OF AUTOMATIC
RATE ADJUSTMENT CLAUSES.**

No. 52968.

Supreme Court of Oklahoma.

Jan. 15, 1980.

Rehearing Denied April 14, 1980.

Jan Eric Cartwright, Atty. Gen. of Oklahoma by Richard F. Berger, Asst. Atty. Gen., Oklahoma City, for appellant.

Lee W. Cook, Gen. Counsel, Oklahoma Corp. Commission, Oklahoma City, for appellee.

John L. Arrington, Jr. and Charles R. Cox Huffman, Arrington, Scheurich & Kihle, Tulsa, for intervenor-appellee Oklahoma Natural Gas Co.

HODGES, Justice.

In 1977, the Legislature by statute enacted the "Fuel Adjustment Clauses" which provided that certain rules and procedures must be followed before the Corporation Commission [Commission] can authorize a fuel adjustment clause to operate automatically.[1] Pursuant to the rule-making authority granted the Corporation Commission by the Okla.Const., art. 9, § 18, rules were adopted to implement the statutes.

On September 18, 1979, the Commission conducted a public hearing in accordance with the requirements of 17 O.S.Supp.1977 §§ 252, 259. At this hearing, the Attorney

---

1. 17 O.S.Supp.1977 §§ 250, et seq.

General objected to Commission Rules 6 and 12[2] as being in conflict with the statutes.

Pursuant to 17 O.S.Supp.1977 § 251(A), no fuel adjustment clause can operate automatically until the Corporation Commission first approves it as provided in §§ 251–255. Subsection B of § 251 provides, "the Commission may, after investigation and public hearing, approve suitable fuel adjustment clauses to be superimposed upon the existing rate schedules of the public utility."

Sections 252 and 259 set out additional duties of the Commission by providing:
". . . In addition, the Commission shall continually monitor and oversee the application of the fuel adjustment clauses. The Commission shall hold a public hearing thereon whenever it deems it necessary, but no less frequently than once every six (6) months. . . ."

Rules 6 and 12 of the Commission were adopted to implement §§ 252 and 259. They provide for a "general public hearing" upon a complaint being filed by a Commission staff person, or any other person or entity, the hearings are to be held at least every six months, or more frequently, if necessary. At this general hearing, if a complaint has been filed, the rules provide the Commission will set a date for a further hearing with respect to each utility against which a complaint has been filed.

The Attorney General complains there is nothing in §§ 252 and 259 which contemplates a hearing of all utilities together which are permissible under the Commission's Rules 6 and 12.

Section 251(B) initially requires the Commission to hold an individual hearing for all utilities. The Commission has complied with this directive. However, the Attorney General asserts that individual hearings are required under the monitoring provisions of 252 and 259.

Sections 252 and 259 impose an additional duty upon the Commission after compliance with individual hearings in § 251, to monitor continually and oversee the applications for fuel adjustment clauses. The evidence shows the Commission has designated its utility engineer to oversee the monthly fuel adjustment filings and determine if the adjustment clauses are being followed and the figures correct. In some instances, the utility engineer has found errors and contacted the utility for correction. Additionally, the engineer has the authority to file a complaint against the utility, if necessary, in that case a separate individual hearing under the rules is set. There is no language indicating the legislative intent was for a separate individual hearing to be held, every six months, for each separate utility. If an individual hearing is desired, rules 6 and 12 provide a complaint may be filed before or at the general meeting, and a date for a special hearing shall be set. This privilege extends to any person or entity, including staff members of the Commission. The rules afford more protection than the statutes require because they provide not only for a

**2.** Rule 6 provides in part: (Rule 12 is identical except has application to electric cooperatives.)
"The Commission shall continually monitor and oversee the application of all fuel adjustment clauses. A general public hearing relating to the fuel, purchased gas and purchased power adjustment clauses of all public utilities shall be held whenever the Commission deems it necessary, but no less frequently than once every six (6) months. The following procedure shall be followed with respect to such hearings:
(a) Upon application by the Commission Staff, an order shall be entered setting a hearing date and notice shall be given in the form and manner prescribed by the Commission in such order.
(b) The Commission Staff, or any other person or entity objecting to the operation of a utility's

fuel, purchased gas or purchased power adjustment clause, shall at or before such general hearing file with the Commission a complaint in writing setting forth the reasons for such objection. Thereafter, a separate proceeding involving such utility shall be conducted, in accordance with the Commission's Rules of Practice.
(1) If no complaint is filed before or at such general hearing with respect to the operation of the fuel, purchased gas or purchased power adjustment clauses of a utility, no further proceedings shall be had thereon;
(2) If a complaint is filed, the Commission shall at the general hearing set a date for a further hearing with respect to each utility against which a complaint has been filed."

general meeting, but also special hearings upon the receipt of complaints. We find no conflict between the rules and the statutes.

## II

The Attorney General also complains proper notice was not given to the party litigants under rules 6 and 12. The principal argument for this contention is the Commission has made all of the ratepayers party litigants, and notice by publication in nine counties is inadequate and constitutionally infirm.

Sections 252 and 259 require the Commission to hold a "public hearing," but do not prescribe the manner and method. Rules 6 and 12 provide that upon the application for a public hearing by the Commission Staff, notice of the hearing shall be given in the form and manner prescribed by the Commission. In this instance, the Commission required publication notice in newspapers of general circulation in nine counties, which because of their regional location and large circulation cover the entire state.

■ In absence of a legislatively prescribed method of notice under §§ 252 and 259, we find proper notice was given. The Attorney General's argument is based on the false premise the ratepayers of Oklahoma are party litigants. The monitoring statutes only provide for a public hearing. Rules 6 and 12 give an opportunity to "the Commission Staff or any other person or entity" to file a written complaint against any utility which has an automatic fuel adjustment clause. In this case, no person or entity filed a complaint. Further, the Attorney General was present at the hearing with notice, representing those persons whom he now claims had no notice. We find no error in the proceedings or the form and method of notice.

JUDGMENT AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, DOOLIN and HARGRAVE, JJ., concur.

SIMMS and OPALA, JJ., dissent.